UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

SUSAN BABB, et al.                                            PLAINTIFFS

v.                             CIVIL ACTION NO. 1:11-CV-00248-GHD-DAS

PACER-PITTMAN PROPANE, LLC                         DEFENDANT

MEMORANDUM OPINION
GRANTING PLAINTIFFS' MOTION TO STRIKE THIRD-PARTY COMPLAINT AND
DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE A THIRD-PARTY COMPLAINT

Presently before the Court are the following: the Plaintiffs' motion to strike the third-party complaint [80] and the Defendant's motion for leave to file a third-party complaint [90]. Upon due consideration, the Court finds the following:

Geraldine Mullins died as a result of injuries sustained in a propane explosion on December 7, 2010. The Plaintiffs, her wrongful death beneficiaries, brought this diversity action against the Defendant Pacer-Pittman Propane, LLC ("Pacer-Pittman"), alleging that its negligence was the proximate cause of the explosion. Three other individuals, Jerry Wilbanks, Billy Willingham, and Christine McCarron, were also in the residence and injured in the explosion. They have filed suit against Pacer-Pittman in state court for their injuries.

Pacer-Pittman, asserting that the three survivors of the explosion caused it and are responsible for Mullins' death, filed a third-party complaint against Wilbanks, Willingham, and McCarron, without leave of court. The Plaintiffs responded with a motion to strike, citing not only the procedural irregularity, but also asserting that the proposed third-party complaint should be disallowed under Rule 14(a)(1) of the Federal Rules of Civil Procedure. Pacer-Pittman has

1

responded to the motion to strike, but effectively confessing the procedural error, also moved for leave to file its third-party complaint.[1]

Rule 14(a)(1) of the Federal Rules of Civil Procedure provides that a defending party, "may, as third-party plaintiff, serve a summons and complaint on nonparty who is or may be liable to it for all or part of the claim against it." FED. R. CIV. P. 14(a)(1). The Plaintiffs challenge the proposed complaint asserting that Pacer-Pittman has no secondary liability claim for indemnity or contribution against these individuals and the complaint is therefore futile. The Court agrees.

Rule 14 impleader provides a procedural mechanism for the joinder of a third-party defendant, but creates no substantive rights. *Andrulonis v. United States*, 26 F.3d 1224, 1233 (2d Cir. 1994). A third-party action is appropriate only where the third-party defendant's liability is dependent on the outcome of the main action. *Am. Zurich Ins. Co. v. Cooper Tire & Rubber*, 512 F.3d 800 (6th Cir. 2008). Rule 14 is, therefore, an appropriate mechanism for joining nonparties where there is a claim for indemnity or contribution. Because this action is based on diversity of citizenship, the Court looks to Mississippi law to determine what substantive rights Pacer-Pittman may have against the proposed third-party defendants. *Neal v. 21st Mortgage Corp.*, 601 F. Supp. 2d 828, 830 (S.D. Miss. 2009).

Mississippi law once provided for joint and several liability, but now provides, "in any civil action based on fault, the liability for damages caused by two or more persons shall be several only, and not joint and several and <u>a joint tort-feasor shall be liable only for the amount of damages</u>

---

[1] A third-party complaint may only be filed without leave of court within fourteen days of the service of the original answer. FED. R. CIV. P. 14(a)(1). The parties have argued about the timeliness of the attempt to file the third-party complaint. Pacer-Pittman filed a third-party complaint within the deadline for adding parties, but the motion for leave missed that deadline. The Court pretermits this issue, addressing the substantive objections to the proposed complaint.

allocated to him in direct proportion to his percentage of fault." MISS. CODE ANN. § 85-5-7(1) (2004) (emphasis added). The statute further provides, "[i]n all actions involving joint tort-feasors, the trier of fact shall determine the percentage of fault for each party alleged to be at fault . . . ." MISS. CODE ANN. § 85-5-7(5) (2004). The Mississippi Supreme Court has held that this provision requires the determination of fault as to "all participants to a particular incident which gives rise to a lawsuit," *Estate of Hunter v. General Motors Corp.*, 729 So. 2d 1264 (Miss. 1999), even if not named as parties to the action. Therefore, it is apparent that there is no need to join these three individuals in order to determine whether they are at fault in this action. The extent of their fault as determined by the fact finder in this action necessarily directly reduces Pacer-Pittman's fault and its liability to the Plaintiffs. Because Pacer-Pittman can have no liability to the Plaintiffs beyond its own assigned fault, there can be no indemnity or contribution claim against these individuals. Because the proposed third-party complaint does not and cannot state a claim against the three proposed third-party defendants under Mississippi law, the motion for leave to file the third-party complaint should be, and is, denied as futile.

Therefore, the Plaintiffs' motion to strike the third-party complaint [80] shall be GRANTED. Furthermore, there being no substantive claim by Pacer-Pittman against the proposed third-party defendants, the Defendant's motion for leave to file a third-party complaint [90] shall be DENIED.

A separate order in accordance with this opinion shall issue this day.

THIS, the *19* day of November, 2012.

_____

SENIOR JUDGE

3